UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

KHALIL M. ABOUSHAMA,

                                     Plaintiff,

                                     DECISION AND ORDER

v.

                                     15-CV-6073L

EMF CORPORATION,

                                     Defendant.
_____

Plaintiff Khalil Aboushama, appearing *pro se*, has brought an action against defendant EMF Corporation, asserting claims of employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*  EMF has moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

## BACKGROUND

**I. Procedural History**

Plaintiff, who identifies himself as a "Muslim man from Egypt," filed the original complaint in this action on February 9, 2015.  The defendant was named as "Dichrotec Thin Films LLC/Applied Coatings Group Inc." ("DTF/ACG"), with an address on Paul Road in Rochester, New York.  Plaintiff alleged that he had been employed by defendant, that he had been subjected to workplace harassment on account of his religion and national origin, and that his employment was terminated on May 7, 2013, after he complained about the harassment.

Attached to the complaint was a copy of a determination and right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC") on November 28, 2014, relating to

plaintiff's administrative charge against DTF/ACG. The EEOC found that plaintiff had failed to report the alleged harassment prior to his termination, that he had been terminated for refusing to sign a "document of expectations" during a performance evaluation, and that there was no evidence that his termination was based on his national origin, religion, or unlawful retaliation. Dkt. #1 at 7.

After plaintiff filed the complaint in this Court, plaintiff was granted *in forma pauperis* status, and summonses were issued for DTF and ACG, for service by the United States Marshal's Service ("USMS"). The summonses were eventually returned unexecuted. (Dkt. #5, #6.) One of the summonses, for DTF, had been amended by plaintiff by crossing out the Paul Road address for DTF, with a handwritten notation, "New Address Found via Google." The new address was given as "EMF Corporation," with a street address in Ithaca, New York. (Dkt. #6 at 1.) When that summons was returned unexecuted, it was accompanied by a note from the USMS stating that EMF could not be served since it had not been named as a party in the case. (Dkt. #6 at 2.)

On December 3, 2015, the Court issued an order (Dkt. #7), directing plaintiff to show cause why the complaint should not be dismissed for failure to prosecute. Plaintiff's response recited the problems he had experience with service of process, "because the company has a new owner and a new name (EMF) ... ." (Dkt. #8.)

The Court then issued an order giving plaintiff twenty days to file an amended complaint against "the properly named defendant, EMF Corporation ... ." (Dkt. #9.) Plaintiff then filed an amended complaint (Dkt. #11) on December 22, 2015, naming EMF as the sole defendant. Aside from that change, however, the amended complaint is identical to the original, and nowhere in the factual allegations does it mention EMF.

EMF was duly served, and has answered the complaint.  (Dkt. #13.)  EMF's answer asserts several affirmative defenses, including the defense that EMF is not a proper party to this action.  *Id.* at 9.

EMF filed its motion for judgment on the pleadings on June 2, 2016.  Plaintiff has filed a one-page response in opposition, stating simply that he "completely disagree[s]" with defendant and that he "stand[s] firmly with every word and letter in [his] complaint ... ."  Dkt. #32.

**II. Factual Background**

Plaintiff's factual allegations are confusingly presented, to say the least.  He recites events occurring on several dates, but they are not presented in chronological order.  Instead, they bounce back and forth from May 2, 2013 to April 2013, January 2012, June 2012, and so on.

Be that as it may, plaintiff alleges that he lost his job on May 7, 2013 "after 26 years," so presumably his employment began in or around 1987.  He states that in April 2013, "[t]he company [which plaintiff never names] was Acquired by SYNCROLITE LLC of TEXAS ... ."  Syncrolite is nowhere else mentioned in the complaint, and has never been named as a defendant.  (Dkt. #11 at 1.)  EMF admits in its answer, however, that Syncrolite is the parent corporation of DTF, which according to EMF did purchase the assets of ACG.  EMF Answer at 3.

After reciting various problems with harassment from coworkers and interactions with various supervisors, plaintiff states, "My Employment with DICHROTEC THIN FILM LLC was Terminated Immediately" on May 7, 2013. (Dkt. #11 at 2.)  This is the first and only mention of DTF in the complaint.  As stated, EMF is not mentioned at all, nor for that matter is ACG.

In support of its Rule 12(c) motion, EMF relies principally on plaintiff's failure to allege

any facts against it, but EMF has also attempted to shed some light on the corporate history involving ACG, DTF, and EMF. The Court will address below whether and to what extent I can consider these allegations and supporting exhibits, but for now I summarize them for background purposes.

According to defendant, plaintiff began his employment with ACG in 1987. After ACG defaulted on its loan obligations to its secured creditor, People's United Bank, the bank seized ACG's assets and sold them to DTF on April 17, 2013. EMF contends that DTF interviewed plaintiff but declined to offer him a position with the company, and his employment terminated. EMF did not come into the picture until June 26, 2014, when it purchased the assets of DTF. By that time, of course, plaintiff was no longer employed by any of these companies.

## DISCUSSION

**I. Motions for Judgment on the Pleadings under Rule 12(c):  General Principles**

In deciding a Rule 12(c) motion for judgment on the pleadings, the court should "apply the same standard as that applicable to a motion under Rule 12(b)(6), accepting the allegations contained in the complaint as true and drawing all reasonable inferences in favor of the nonmoving party." *Mantena v. Johnson*, 809 F.3d 721, 727-28 (2d Cir. 2015) (quoting *Burnette v. Carothers*, 192 F.3d 52, 56 (2d Cir. 1999)).

"In deciding a motion under Rule 12(c), the district court may consider only the contents of the pleadings themselves, documents attached to the pleadings as exhibits or incorporated by reference, and items of which judicial notice may be taken." *Daniels v. Commissioner of Social Security*, 456 Fed.Appx. 40, 41 (2d Cir. 2012) (citing *Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir.1993). Additionally, where a document is not incorporated by reference, the

district court may nevertheless consider it where the pleadings rely "heavily upon its terms and effect, thereby rendering the document integral to the [pleadings]." *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010). *Accord L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011); *Roberts v. Babkiewicz*, 582 F.3d 418, 419 (2d Cir. 2009).

In the case at bar, defendants have submitted copies of the asset purchase agreements between People's United Bank and DTF, and between DTF and EMF. *See* Dkt. #30-2. Those documents reflect that when DTF purchased ACG's assets from People's United Bank, it did not assume any liabilities of ACG, and that when EMF purchased DTF's assets, the purchase agreement excluded any liabilities to employees other than certain specified liabilities for wages and compensation, which have no application here. *See id.* at 16 § 2.2, 38-39 § 1.3, and 57 § 6.3(c).

**II. Application to Plaintiff's Claims**

Based on the pleadings, I conclude that plaintiff has failed to make out a claim against EMF. EMF's motion for judgment on the pleadings must therefore be granted.

It is not immediately apparent whether the Court can consider, on a 12(c) motion, the documents submitted by EMF in support of its motion. Plaintiff does not appear to dispute the truth of EMF's assertions and evidence regarding the asset purchase agreements, and plaintiff does reference Syncrolite's acquisition of ACG. But since EMF is not mentioned in the complaint at all (apart from the caption), one can hardly say that the purchase agreement by which EMF obtained DTF's assets is referenced, incorporated in, or integral to the complaint.

That points, however, precisely to the defect in plaintiff's claim against EMF. None of

his allegations provided any basis for a claim against EMF.  He does not allege that he was ever employed by EMF, that EMF ever took any action against him, or that there is any basis upon which EMF could be held liable for whatever wrongs were committed against plaintiff by ACG or DTF.

It is well-settled that "the existence of an employer-employee relationship is a primary element of Title VII claims." *Gulino v. New York State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006); *see also Eisenberg v. Advance Relocation & Storage, Inc.*, 237 F.3d 111, 113 (2d Cir. 2000).  Absent a plausible allegation of such a relationship, a plaintiff's Title VII claims must be dismissed.  *See*, *e.g.*, *Dillard v. SEU Local 32BJ*, No. 15 Civ. 4132, 2016 WL 3566850, at *6 (S.D.N.Y. June 24, 2016).

Aside from that, there are simply *no* allegations here about EMF.  EMF is merely named as the defendant.  It appears, from the above-recited history of this case, that plaintiff seeks to impose liability on EMF as the "new owner" of DTF.  But there is nothing in the pleadings to indicate any basis for such successor liability.  Such liability cannot be presumed, especially in the absence of any factual allegations concerning EMF.  *See Barnett v. FreedomRoads, LLC*, No. 11-cv-175, 2011 WL 3360472, at *2-*3 (D.Nev. Aug. 2, 2011) (dismissing discrimination claim on the ground that " the allegation that FreedomRoads is either 'the successor in interest to or has as one of its subsidiaries' [plaintiff's former employer] is both too conclusory and too speculative" to state a claim).

**CONCLUSION**

Defendant's motion for judgment on the pleadings (Dkt. #30) is granted, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
October 5, 2016.